Judge Hitchcock
delivered the opinion of the court:
The only question for the consideration of the court in this caso is, whether under the “ act to amend the act entitled an act defining the duties of county auditor,” the deed of the auditor, purporting to be executed in his official capacity, is, of itself, prima facie evidence of title. And its decision must depend upon a sound construction of that act. In giving this construction, I trust we shall not be influenced by any private feeling upon the subject of the sale of lands for *taxes — a feeling which, it would seem to be insinuated by the counsel for the plaintiff, has heretofore operated too much in our courts. In fact, we have no-feeling of antipathy to such sales. It is right and proper that every man who has property to be protected by the government should contribute toward the support of the government, and if he will not do it without, it is right and proper that his property should be disposed of for this purpose. Further, it is for the interest of all concerned that tax sales should be sustained whenever *338 they can be. The greater the certainty of this description of title, the greater the value which will be attached to the land at the sale, and the less the quantity sold to pay the tax. ' But still wo ■can not sustain a sale unless the proceedings have been regular; nor can we decide in favor of a title, unless that title is sustained by competent evidence. The mere circumstance that it is derived from a tax sale, secures to it no peculiar favor. It must, notwithstanding this, be subject to the general rules of law and evidence.
This statute is found in 23 Ohio L. 89, and it will bo necessary to exami ne several of the sections preceding that which authorizes the county auditor-to make deeds.
Section 2 requires of the auditor to take from, the collector each ■year a duplicate list of all such taxes as the collector has been unable to collect, describing in such list, as the same are described ■in the duplicate, the several taxes “ returned delinquent.” The collector is required to sign this list and testify under oath to its correctness.
In section 3 it is made the duty of the county auditor, immediately after the first Monday in June annually, to make out a list of all lands and town lots returned by the collector as delinquent, describing therein the lands according to the entries in the duplicate, charging thereon the tax and interest of the preceding year, together with twenty-five per cent, penalty and the tax of the current year. He is further required to certify and sign the -same, and have the same published, in some newspaper circulating in the county, six several times between the said first Monday of June and the first day of September thereafter, attaching to said list a notice that unless the taxes, interest, and penalty shall *be paid before the last Monday of December next thereafter, the lands, or so much thereof as may be necessary to make such payment, will be sold on that day at the court-house in .the county.
These two sections show how the fact of the delinquency is to be ascertained, and the steps which must be taken preliminary to a sale.
Section 4 enacts “ that the county auditor shall record, in a book to be by him provided, the advertisement aforesaid, and shall certify at the foot of such record theo name of the newspaper wherein the same was published, within a reasonable time after such advertisement shall have been published.”
*339 By section 5 it is made the duty of «the county collector, by him•self or deputy, on the last Monday of December, to attend at the court-house and offer for sale the lands which are mentioned in the advertisement, and which are still delinquent; and it is further made the duty of the county auditor, by himself or deputy, ■“to attend during the whole time, until the whole of the lands .and town lots contained in the said advertisement shall have been sold.or offered for sale as aforesaid, and to make a record in a substantial bo ok of all sales made by such collector or his deputy, as of the day when the sale commences, describing the several tracts,” etc., “ and who was the purchaser thereof.”
Section 6 requires the, county auditor to give a certificate of purchase to the purchaser. And when a part only of a tract or town lot has been sold, specifies the manner in which the county surveyor shall survey it off, and upon the production of the certificate and plan of survey of the county surveyor, by the purchaser, it authorizes the county auditor to “ execute and deliver to the purchaser or purchasers a deed for the land or part of town lot so purchased and surveyed as aforesaid, which deed shall convey to ■the purchaser or purchasers a good title in law and equity to the land or part of town lot so sold.”
Sections 7 and 8 relate to cases where the whole tract or lot is sold, and where lands sold belong to joint tenants or tenants in common.
Taking all these sections of the statute in connection with ^section 9 together, it is clear that the legislature have been ■particularly careful to secure the rights of the proprietors of land, •as well as those who shall purchase at tax sale. A particular course must be taken by the collector and county auditor that the lands may be returned as delinquent. When delinquent, notice must be given in the public papers by advertisement, and further ■time is given for the payment of the taxes. This advertisement is to be recorded in the county auditor’s office, which will perpetuate the fact of its having been duly published, and also the name of the newspaper in which the publication is made, that any per•son interested may resort to that paper to ascertain whether everything has been fair and legal.
In addition to this, the fact of sale is not left to be proven by •parol, but is also made a matter of record. When the requisitions of the statute are complied with, and a deed made by the *340 county auditor, that deed “, shall convey to the purchaser or purchasers a good title in law and equity to the land or part of towu lot sold.”
Had the statute stopped here, it will not be contendedbut that before a person claiming this good title could avail himself of it, he must show that the statute, in all its essential requisites, had been conformed to or complied with. It is only when the deed is made-in pursuance of the statute that it conveys this “good title.” If not in pursuance of the statute, although executed by a county auditor, it would convey nothing.
Had the statute stopped here, and were it to- be construed according to its letter, it might, and in some instances would, have-operated to do manifest injustice. The deed of the auditor conveys a “good title in law and equity.” By this I understand a perfect and indefeasible title.” Now it has so happened, and does so-happen", that the same lands are sometimes listed to different persons. In other words, they are twin taxes; mistakes of this kind are not as frequent as formerly, but they still occasionally occur.. Suppose such a mistake, and suppose further, that the rightful, ■owner pays the tax. It is not to be supposed that the person in-whose name it may be listed will pay the tax. If he does not, the land is returned delinquent and sold. No one can doubt *the-injustice of depriving the rightful owner of the land upon which he has paid the tax; but such must have been the effect had this statute been closed with the sections referred to, because the purchaser, having the auditor’s deed, has a “good title.”
Other hypothetical cases might be mentioned where the same iniquitous consequences would be produced. Does any one believe that such could have been the intention of the legislature?
It was to prevent consequences of this kind, as I apprehend, that section. 9 was introduced in these words: “ The deed made by the county auditor, as hereinbefore specified, shall be received in all courts as prima facie evidence of a good and valid title in the purchaser,” etc. This is clearly a qualification of the general phraseology of section 6. If the deed conveyed a “ good title,” it would convey a title which could not be controverted, but inasmuch as it-is only “prima facie evidence” of a good tille, it may be controverted, and he that hath better right may prevail against it.
It is urged, however, that this deed, being 11 prima facie evidence,” *341 needs no other evidence to sustain it, but becomes conclusive unless contradicted. The legislature do not say that a deed made by ■the county auditor “shall be received as prima facie evidence of a .good and valid title,” but “ the deed,” “ as hereinbefore specified.” In other words, the deed made by the auditor in pursuance of this :act. This is the manifest intention. Unless made in pursuance of the act, it is made without authority and void; but if in pursuance of the act, it is “ prima facie evidence ” of title.
Before the deed made by the county auditor can be received as •evidence, it must be shown that he had authority to make it. 'This is done by showing that the lands had been advertised and sold for th.e taxes. All this is required to be made matter of record in: the auditor’s .office, and there can be no difficulty in procuring the evidence. In connection with this preliminary evidence, the deed will be received, and the legislature has declared its effect.
Reference has been made to the judgment and execution law in ai’gument. That law provides that the sheriff’s deed shall be ■“prima facie evidence of the legality of sale.” The *law •under consideration declares the auditor’s deed shall be “prima fade evidence ” of title. It is supposed that inasmuch as there •is this difference of expression, therefore, in the latter case no additional testimony is necessary. But we must look to the different effect of these deeds. The sheriff’s deed purports to convey nothing more than the interest of the judgment debtor in the premises sold. The auditor’s deed purports to convey title, whether that title be in the person in whose name the land is listed or in that of any other person. An individual claiming under a sheriff’s •deed, in addition to the exhibition of the deed accompanied by the necessary preliminary evidence, must prove title in the judgment • debtor previous to the sale, unless the action be against the judgment debtor himself; but no such additional proof is required of Rim who claims under a sale for taxes. But in either case it is necessary to prove that the officer making the deed had authority ■to perform that act. Or rather it must bo shown that the sheriff had authority to sell, and that the auditor had authority to make ■the deed, by showing that a sale had been made.
Upon the whole, a majority of the court are of opinion that ■there was error in the admission of the deed in evidence, and also’ in the instruction to the jury that the deed of itself was sufficient *342 evidence of title in the plaintiff to make him recover. Therefore anew trial must be granted, the costs to abide the event of the suit..
Judge Collet dissented.